Thomas Cliften. I was with Mr. Beachamp, did not hear Mrs. Jones tell him any of the property was to go to his sister's children.

*Horsey.* We shall contend that we have shown by three witnesses that John Williams's will is sufficient to pass his property under the Act.

*Wilson* for setting aside the will. Whether John Williams made a will according to the Act, the property may be worth £400. It is not enough that a man should say he wished a certain person to have his property. It is absolutely necessary that two witnesses should concur as to the words or facts which will establish a nuncupative will. No evidence that Williams told them he was making his will so as to have effect. 2 Bl.Comm. 500, 501. Statute [of] Frauds laid many restrictions on verbal wills.

*Bayard* in support of the will. If a man makes use of such words, as expresses his intention to dispose of his property, whether he calls it his will or not, the law will so adjudge it to be.

CHIEF JUSTICE. Such words should be proved by two witnesses as will satisfy your minds John Williams intended to give the property to his nephews.

Verdict for plaintiff (to establish the will) after being up a few minutes.

## ELSEY SPICER'S LESSEE v. JOHN CONAWAY.

Court of Common Pleas. November 25, 1803.

*Rodney's Notes.*

*Bayard, Wilson* [for plaintiff]. *Ridgely* [for defendant].

*Bayard,* plaintiff's counsel, contended that there was only error in the proceedings and that defendant should have made his objection at the return of the writ or at least of the sale by [the] sheriff.

*Ridgely.* If such a practice as the counsel contends for obtains, a man may lie still for years, and when the party is sued and likely to be turned out of possession by ejectment under improper proceedings, is to be told that though his opponent's title is not good, yet he is now too late to object. This is an ejectment, and the same rules will not apply that would on motion to set aside execution etc.

November 25, 1803. The Court were of opinion that the rule to show cause in the above case be discharged and new trial not granted.

## SUSANNA HUNN v. EVAN LEWIS.

Court of Common Pleas. Kent. December 2, 1803.

*Rodney's Notes.*

*Clayton, Bayard* [for plaintiff]. *Vandyke, Fisher* [for defendant].

Isaac Cox, agent for plaintiff, who signed the lease on her behalf admitted as a witness in this cause after argument.

PER CURIAM. In this case, book of defendant in account against I. Cox, charged cash paid to Merrick, a stranger, without an order had been produced; [it] is no evidence as to the other part of the account. If you discover from the evidence that those articles were paid as part of the rent to the plaintiff or her agent, you will allow them, but not otherwise.